THOMAS P. SAUNDERS, APPELLANT, *v.* WILLIAM W. GOLDTHRITE AND JOHN BRUCE, RESPONDENTS.

*Costs — when the defendant is entitled to costs, upon the dismissal of the complaint, in an action brought after the discontinuance of a former action upon a plea of title — Code of Civil Procedure, sec. 3235.*

The defendant having interposed a plea of title in an action brought by the plaintiff in a Justice's Court, the plaintiff commenced this action in the Supreme Court for the same cause of action, to which the same defense was interposed. After issue joined the complaint was dismissed, with costs, by reason of the failure of the plaintiff to appear when the cause was reached.

*Held,* that the court properly rejected a claim for costs made by the plaintiff upon the ground that it had not been certified that the title to real property came in question upon the trial, and properly awarded costs to the defendant. *Gates* v. *Canfield* (28 Hun, 12) followed.

APPEAL from an order denying a motion made by the plaintiff to have the defendant's costs stricken from the judgment.

*John Lansing,* for the appellant.

*E. C. Emerson,* for the respondents.

BOARDMAN, J.:

In this action, originally brought in Justices' Court, a plea of title was interposed by defendant so that the justice was, ousted of jurisdiction. The plaintiff thereupon began this action in the Supreme Court for the same cause of action and the same defense was interposed. After issue was so joined the cause was placed upon the calendar at the circuit and the plaintiff not appearing when it was reached, the complaint was dismissed with costs by reason of such default.

A motion to set aside the judgment for costs in favor of the

defendant and for a retaxation of costs was made by plaintiff. The costs were readjusted, but the court refused to set aside the judgment. An appeal is taken from such order and the plaintiff contends that he is entitled to costs under section 3235 of the Code of Civil Procedure, because it has not been certified that the title to real property came in question upon the trial. The claim of the plaintiff must be rejected upon reason as well as authority. If sustained it would work a gross injustice upon the defendant in similar cases. The defendant could not compel the trial of the issue of fact and hence he would be punished by a judgment for costs whenever the plaintiff saw fit to suffer a default. No such injustice could have been intended. The precise question, however, is settled by authority in *Gates* v. *Canfield* (28 Hun, 12), wherein the learned presiding justice construes the above section of the Code and in precisely such a case holds that the defendant is entitled to recover costs. We accept his views as just and satisfactory. No other question is presented by appellant's brief.

The order is affirmed, with ten dollars costs and printing disbursements.

HARDIN, P. J., and FOLLETT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.